UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 25-cr-102 (TNM) |
| : | |
| RAYMOND BENSON, : | |
| : | |
| Defendant. : | |

**MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. For the reasons herein, and consistent with the Plea Agreement (ECF No. 10), the United States requests that the Court sentence Defendant Raymond Benson (hereinafter, "the Defendant") to 37 months of incarceration, followed by a period of 36 months of Supervised Released. The Government is also requesting that the Consent Order of Forfeiture (ECF No. 13) be incorporated into the final judgment.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning hours of March 29, 2025, D.C. Metropolitan Police Department officers were on patrol in the U Street, NW, corridor. At approximately 1:46 a.m., officers observed the Defendant walking in the 1000 block of U Street, NW, in the District of Columbia. The Defendant was holding a red solo cup in his hand, which the MPD officers knew from prior experience are frequently used to consume alcohol in the U Street, NW, corridor. As the officers parked and exited their vehicle, the Defendant noticed their presence and tossed the cup to the ground.

Officers approached the Defendant. However, he never stopped waking away from them. He then took immediate headlong flight. He ran into the alleys of the 200 block of Vermont

1

Avenue, NW. While in an alley, the defendant withdrew a large firearm from his waistband and threw it over a fence into the rear of 901 U Street, NW. He was eventually stopped and detained.

The firearm was a Cobray M-11, 9mm firearm, with serial number 87-0010308. At the time it was recovered, it was equipped with an extended magazine. The magazine spring was ejected and multiple loose 9mm rounds were on the ground near the firearm. Officers recovered 28 total 9mm rounds from the firearm magazine and the ground. A picture of the firearm is below:



The Defendant was previously convicted in D.C. Superior Court case no. 2016-CF3-1700 of Aggravated Assault Knowingly and Carrying a Pistol Without a License Outside the Home/Business. He was sentenced to 60 months of imprisonment and 24 months of imprisonment, respectively, which ran concurrent to each other.

On July 30, 2025, the Defendant pleaded guilty to one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

**II.    DISCUSSION AND APPLICATION OF U.S. SENTENCING GUIDELINES AND 3553(a) FACTORS**

    **A.    Generally Applicable Legal Principles**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). See *United States v. Gall*, 128 S. Ct. 586, 596 (2007). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>
>>> (i) issued by the Sentencing Commission ...; and
>>>
>>> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
>
>> (A) issued by the Sentencing Commission ... and

> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

### B. Guidelines Calculations

The Government agrees that the Defendant's Total Offense Level is 19, his Criminal History Category is III, and the resulting Guideline range is 37 to 46 months of imprisonment. *See* PSR ¶ 97.

### C. Sentencing Recommendation

The Government recommends that the Court sentence the Defendant to 37 months of incarceration given the nature and seriousness of his offense; his history and characteristics; and the need for the sentence imposed to satisfy the statutory requirements set forth in 18 U.S.C. § 3553(a)(2)(A)-(D).

#### 1. Nature and Seriousness of the Offense

The Defendant's conduct is extremely serious. The Defendant possessed a firearm on the streets of our city. Even "mere" possession of a firearm is dangerous. *Compare United States v. Blackson*, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) (noting, in the context of an individual who was found with a firearm on his person, that "illegally possessing a fully loaded concealed firearm with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community"). As the Court is well aware, our community has recently faced staggering levels of gun violence. D.C. saw 274 homicides in 2023, the highest in more than two decades. *See* MPD, *District Crime Data at a Glance*. About 84 percent of the

4

203 homicides in 2022 involved the use of a firearm. See MPD, *Annual Report* 2022, 17. This factor weighs in favor of the Government's requested sentence.

### 2. History and Characteristics

This is, unfortunately, far from the Defendant's first encounter with the criminal justice system. He was previously convicted of unlawful gun possession in 2014 and 2018. *See* PSR ¶¶ 36, 37. The 2018 case was not "mere" possession, however: according to the PSR, he also shot someone in the back and was therefore convicted of Aggravated Assault. *Id.* ¶ 37. Then, while on supervision for the 2018 conviction, he was again convicted of a crime—this time, misdemeanor possession of cocaine and marijuana. Despite repeatedly getting caught and punished for committing crimes and then being given opportunities on supervision to make better choices, the Defendant is before a court for sentencing yet again. His recidivism weighs in favor of the Government's requested sentence.

### 3. The Need for the Sentence Imposed

The Government believes that its sentence will best effectuate the purposes of sentencing as set forth in § 3553(a)(2)(A) to (D)—that is, for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and afford adequate deterrence of criminal conduct.

As noted above, the offense is extremely serious. The need to promote respect for the law and considerations of deterrence also weigh in favor of the Government's requested sentence. The sentence imposed on the Defendant must communicate a message that this conduct is unacceptable and can carry a significant sentence in federal prison.

## III. CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court impose a sentence of 37 months of imprisonment and 36 months of Supervised Release and order the forfeiture of the firearm and ammunition as specified in the Consent Order of Forfeiture.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:   */s/ Solomon S. Eppel*
SOLOMON S. EPPEL
Assistant United States Attorney
D.C. Bar No. 1046323
United States Attorney's Office
601 D Street, NW
Washington, D.C. 20530